JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CARS 4 CAUSES, a California Corporation,<br>    Plaintiff,<br><br>v.<br><br>WORKS OF LIFE INTERNATIONAL MINISTRIES, INC., a Nevada Corporation, CAMERON L. ARBALLO aka CAMERON L. ARBALLO, JR. and aka VINCENT EVERETT, an individual and DOES 1 Through 10, inclusive,<br>    Defendants.<br><br>WORKS OF LIFE INTERNATIONAL MINISTRIES, INC., a Nevada Corporation,<br>    Counterclaimant,<br><br>v.<br><br>CARS 4 CAUSES, a California Corporation,<br>    Counterdefendant. | CASE No. CV11-10315 JLQ (PLAx)<br><br>**PERMANENT INJUNCTION and ORDER CLOSING FILE**<br><br>Judge: Hon. Justin L. Quackenbush |

Upon the Stipulation of the Parties to the above-captioned action pursuant to a Settlement Agreement dated April 17, 2014, and for good cause shown, the Court enters this Permanent Injunction as the sole final adjudication in the above-captioned action.

IT IS HEREBY ORDERED THAT:

ORDER - 1

1. Defendants Works of Life International Ministries, Inc., a Nevada Corporation and Cameron L. Arballo (aka Cameron L. Arballo, Jr. and aka Vincent Everett), all jointly and severally referred to as "Arballo", and Plaintiff Cars 4 Causes, entered into a Settlement Agreement dated April 17, 2014, a true copy of which is attached hereto as Exhibit 1.

2. Arballo, and all those acting in concert or participation with Arballo, and Cars 4 Causes, and all those acting in concert or participation with Cars 4 Causes, are ordered to comply with all of the terms and conditions of the Settlement Agreement dated April 17, 2014, attached hereto as Exhibit 1, and incorporated herein.

3. This Order shall resolve all claims and defenses in the above-captioned action, and shall serve as the sole final judgment in this action.

4. Each party shall bear his or its own attorneys' fees, expenses and costs.

5. The above-captioned Court shall retain exclusive jurisdiction for purposes of enforcement or interpretation of the April 17, 2014 Settlement Agreement and this Order.

6. The Clerk of this court shall close this file subject to reopening on good cause shown.

Dated: June 12, 2014.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CARS 4 CAUSES, a California Corporation,<br>　　　　Plaintiff,<br><br>v.<br><br>WORKS OF LIFE INTERNATIONAL MINISTRIES, INC., a Nevada Corporation, CAMERON L. ARBALLO aka CAMERON L. ARBALLO, JR. and aka VINCENT EVERETT, an individual and DOES 1 Through 10, inclusive,<br>　　　　Defendants.<br><br>WORKS OF LIFE INTERNATIONAL MINISTRIES, INC., a Nevada Corporation,<br>　　　　Counterclaimant,<br><br>v.<br><br>CARS 4 CAUSES, a California Corporation,<br>　　　　Counterdefendant. | CASE No. CV11-10315 JLQ (PLAx)<br><br>**[Proposed]**<br>**PERMANENT INJUNCTION**<br><br>Judge: Hon. Justin L. Quackenbush |

Upon the Stipulation of the Parties to the above-captioned action pursuant to a Settlement Agreement dated April 17, 2014, and for good cause shown, the Court enters this Permanent Injunction as the sole final adjudication in the above-captioned action.

IT IS HEREBY ORDERED THAT:

1. Defendants Works of Life International Ministries, Inc., a Nevada Corporation and Cameron L. Arballo (aka Cameron L. Arballo, Jr. and aka Vincent Everett), all jointly and severally referred to as "Arballo", and Plaintiff Cars 4 Causes, entered into a Settlement Agreement dated April 17, 2014, a true copy of which is attached hereto as Exhibit 1.

2. Arballo, and all those acting in concert or participation with Arballo, and Cars 4 Causes, and all those acting in concert or participation with Cars 4 Causes, are ordered to comply with all of the terms and conditions of the Settlement Agreement dated April 17, 2014, attached hereto as Exhibit 1, and incorporated herein.

3. This Order shall resolve all claims and defenses in the above-captioned action, and shall serve as the sole final judgment in this action.

4. Each party shall bear his or its own attorneys' fees, expenses and costs.

5. The above-captioned Court shall retain exclusive jurisdiction for purposes of enforcement or interpretation of the April 17, 2014 Settlement Agreement and this Order.

IT IS SO ORDERED.

Dated: _____

_____
Hon. Justin L. Quackenbush,
Judge of the U.S. District Court

0424.002\9887

-2-
Permanent Injunction

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

# Exhibit 1

23
24
25
26
27
28

0424.002\9887

-3-
Permanent Injunction

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

The parties to this Settlement Agreement and General Release ("Agreement") are Cars 4 Causes, a California corporation ("Cars 4 Causes") on the one hand, and on the other hand Works of Life International Ministries, Inc., a Nevada corporation and Cameron L. Arballo, individually (jointly and severally referred to as "Arballo").

A dispute has arisen between Cars 4 Causes and Arballo concerning uses of various claimed service marks, trade names and domain names. This dispute has given rise to litigation known as Cars 4 Causes v. Works of Life International Ministries, Inc., *et al*, presently pending in United States District Court for Central District of California, Western Division, as Case No. 11 CV 10315 JLQ ("the Action"), including all claims and counterclaims made therein.

In order to finally resolve all disputes between the parties, Cars 4 Causes and Arballo agree to the following:

1. Except as outlined in Paragraphs 2 & 3 below, Arballo will not use any trademark, service mark, domain name, trade name, business name, or any text or graphic in any website, press release, email, internet announcement or advertisement of any sort in any media, that includes:

    a. A term identifying or describing any type of vehicle, within three numbers or words of any variation of the word "cause", except as specifically and expressly permitted by this Agreement. As an example, and without limitation of the generality of the foregoing, this prohibits any use of the service name "Cars With A Cause" or the domain name "carswithacause.org" by Arballo. For the purposes of this agreement, "vehicle" means "a machine that is used to carry people or goods from one place to another."

    b. The number "4" or the words "For," "Four" (or any phonetic equivalent) within two numbers or words of any variation of the word "cause." As an example, and without limitation of the generality of the foregoing, this prohibits any use of the service name "Computers 4 Causes" or the domain name "computers4causes.org" by Arballo.

    c. In addition Arballo will not use the following domains in any manner whatsoever, whether to resolve to any webpage or to redirect the domains to any other webpage: motorcyclecauses.com; motorcyclecauses.org; boatcauses.com and boatcauses.org.

0424.002\Settlement Agreement



    d.    Arballo will stipulate to a permanent injunction to be entered in the Action prohibiting any conduct by Arballo, or anyone acting in concert or participation with Arballo, in violation of any of the terms of this paragraph.

2.    Arballo will have exclusive use of service marks and domain names and phrases (whether in singular or plural form or with any alternative gTLD) "Charity Boat Causes", "Computers With Causes", "Real Estate With Causes", "Real Estate Causes," "Collectibles With Causes", "Collectible Causes," "With Causes", "Collections With Causes," "Aircraft Causes," "Stock With Causes," "onlinecardonation.org," "onlineboatdonation.org," and "donatecaronline.org." Cars 4 Causes will stipulate to a permanent injunction to be entered in the Action prohibiting any conduct by Cars 4 Causes, or anyone acting in concert or participation with Cars 4 Causes, against Cars 4 Causes' future use of the marks and domain names and phrases identified in this Paragraph in Cars 4 Causes' advertising or otherwise.

3.    Arballo will discontinue all use of the phrase "Boats With Causes" in any trademark, service mark, domain name, trade name, business name, or any text or graphic in any website, press release, email, internet announcement or advertisement of any sort in any media, after 18 months from the date of this Agreement (defined as the "Transition Period"). During the Transition Period, Arballo will undertake a good faith effort to reduce all use of the "Boats With Causes" phrase, and will not expand its use in any way.

4.    Cars 4 Causes will not use as an exact match any of the marks and/or domain names and/or phrases specified in Paragraph 2 as a means to divert traffic to any website owned by Cars 4 Causes, including but not limited to the following means: pay-per-click, key word advertising or metatags.

5.    To the extent Cars 4 Causes has filed any objection with the USPTO to the registration of any mark that Arballo is expressly permitted to use pursuant to this Agreement, such objection will be withdrawn.

6.    Arballo will acquire the marks "Boat Causes" and "Motorcycle Causes" and will abandon any applications for registration of those marks.

7.    Arballo agrees that he will not in the future use the Computers 4 Causes mark (USPTO Reg. No. 3,721,897 or its common law equivalent).

8.    Arballo and Cars 4 Causes will transfer the following domains to Cars 4 Causes:

0424.002\Settlement Agreement



     a.    Carswithcauses.net; carswithcauses.org; carswithcauses.com; cars4acause.net; cars4acause.org; cars4acause.com and carswithacause.net.

     b.    Boatswithcauses.org; boatswithcauses.net and boatswithcauses.com will be transferred to Cars 4 Causes effective at the end of the Transition Period as defined in this Agreement.

     c.    Cars 4 Causes will bear all domain registrar fees to effect the transfer of the domains identified in this Paragraph.

9.    Promptly after this Agreement is fully executed and original signatures are delivered to Cars 4 Causes, the parties will not further pursue any of the claims and counterclaims in the Action, other than to request entry of a mutual permanent injunction on the terms stated above in this Agreement. The permanent injunction will be the final judgment in the Action, and will not be appealed by either party. Each party to bear all his or its own fees, costs and expenses.

10.    With the exception of the obligations undertaken pursuant to this Agreement, this is a full and final settlement, release and discharge of all actual or potential claims, liabilities or obligations Arballo has or may have against Cars 4 Causes, whether asserted or not, and whether known or unknown, suspected or unsuspected, or anticipated or unanticipated. Arballo specifically waives any rights or benefits he and it may have under Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

11.    With the exception of the obligations undertaken pursuant to this Agreement, this is a full and final settlement, release and discharge of all actual or potential claims, liabilities or obligations Cars 4 Causes has or may have against Arballo, whether asserted or not, and whether known or unknown, suspected or unsuspected, or anticipated or unanticipated. Cars 4 Causes specifically waives any rights or benefits it may have under Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known

0424.002\Settlement Agreement



by him or her must have materially affected his or her settlement with the debtor.

12. This Agreement including all of its prohibitions and exceptions, but not including its release terms, is binding upon and shall inure to the benefit of (a) Cars 4 Causes' and Arballo's respective officers, directors, shareholders, owners, partners, managers, employees, guarantors, agents, attorneys, insurers, heirs, beneficiaries, representatives, affiliates (which for purposes of this Agreement means every entity that controls, is controlled by or is under effective or legal common control with any Party), and (b) Cars 4 Causes' and Arballo's respective present and future subsidiaries, divisions, parents, successors, assignees, transferees, executors, trustees, receivers, conservators or administrators (all whether voluntary or involuntary), including any entity surviving out of any merger (in any form), acquisition or reorganization, and including all persons or entities receiving any obligations or liabilities of this Agreement by operation of law (all collectively referred to as "Transferees"). Each Party shall give actual notice of all of the terms of this Agreement to each Transferee, but all Transferees are bound to the terms of this Agreement regardless of whether such actual notice is received.

13. The terms of this Agreement are not confidential, but the parties agree that their statement to anyone, in public or private, regarding the disposition of the Action and the terms of this Agreement shall be limited to words to the effect that "The parties reached a comprehensive and mutually satisfactory agreement to end all outstanding legal disputes between the parties."

14. Each of the parties signing this Agreement warrants and represents that he or it is the sole owner of all the claims and obligations released and has not previously transferred, hypothecated, assigned or conveyed such claims and obligations to any other person.

15. This Agreement may be executed in any number of counterparts, each of which shall constitute a duplicate original hereof. The signatories on behalf of Cars 4 Causes and Arballo respectively warrant that they have full authority to enter into this Agreement on behalf of Cars 4 Causes and Arballo.

16. This Agreement is the entire agreement between the parties, and supersedes any prior negotiations, representations and agreements concerning any or all of the subject matter of this Agreement. This Agreement is to be construed under California law, without any regard for choice of law considerations, and exclusive jurisdiction for enforcement or interpretation of any term of this

0424.002\Settlement Agreement



Agreement shall be in the court having jurisdiction over the Action. No part of this Agreement may be waived or modified except by another written agreement signed by the party to be charged.

17. Time is of the essence in the performance of all terms of this Agreement. Each party represents and warrants that no representation or promise not expressly contained in this Agreement has been made and the parties are not entering into this Agreement on the basis of any promise, representation or statement, express or implied, which is not specifically set forth herein.

18. Each party hereto agrees to execute, acknowledge, verify, deliver or furnish any documents at such time and in such form and substance as may be reasonably necessary or convenient to effectuate this Agreement.

19. Each party acknowledges that this Agreement in its final form is the result of the combined efforts of the parties and, should any provision of this Agreement be found to be ambiguous in any way, such ambiguity shall not be resolved by construing such provision in favor or against either party hereto but rather by construing the terms of this Agreement fairly and reasonably in accordance with the purpose of this Agreement.

20. This Agreement is immediately binding, enforceable, admissible in evidence, and may be disclosed for purposes of interpretation and enforcement.

This Agreement is entered into effective April 17, 2014, in Los Angeles County, California.

"Cars 4 Causes"

_____
Cars 4 Causes
By: Patti Livingston

"Arballo"

_____
Cameron Arballo, Individually

_____
Works of Life International Ministries, Inc., by Cameron Arballo

0424.002\Settlement Agreement                                                                 5